# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40497
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTIAN OMAR AMEZQUITA-MUNOZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-491-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Christian Omar Amezquita-Munoz appeals his guilty plea conviction and sentence for possession with intent to distribute 5 kilograms or more of cocaine. 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), (b)(1)(A). According to Amezquita-Munoz, the district court erred in denying him an offense level reduction for acceptance of responsibility and in calculating his advisory guidelines sentence using a total drug weight of 30.17 kilograms.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40497

Although this court generally reviews questions of fact for clear error, "a determination whether a defendant is entitled to an adjustment for acceptance of responsibility is reviewed with even greater deference." *United States v. Buchanan*, 485 F.3d 274, 287 (5th Cir. 2007). This court "will affirm a sentencing court's decision not to award a reduction" pursuant to U.S.S.G. § 3E1.1 unless the decision is "without foundation." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted). The record demonstrates that Amezquita-Munoz failed to show the sort of "sincere contrition" that would merit a reduction for acceptance of responsibility. *United States v. Medina-Anicacio*, 325 F.3d 638, 647 (5th Cir. 2003). As a result, he fails to demonstrate that the district court's denial of the reduction lacked a foundation in the evidence. *See Juarez-Duarte*, 513 F.3d at 211.

Likewise, Amezquita-Munoz fails to show that the district court clearly erred in determining the quantity of narcotics involved in the offense. *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). Although the presentence report may not simply repeat unsupported statements in an effort to convert them into reliable evidence, the defendant generally has the burden to "show that the PSR's information is materially untrue, inaccurate or unreliable." *United States v. Taylor*, 277 F.3d 721, 724 (5th Cir. 2001). Amezquita-Munoz presented no evidence showing that the information in the presentence report was "materially untrue, inaccurate, or unreliable." *See id.* In objections, he primarily challenged the drug weight by arguing that the drug amount is an element of the offense that must be admitted or found by the jury. But the district court was not prohibited from including in the sentencing calculations relevant conduct, such as the additional drug amounts included in the presentence report because such conduct did not increase Amezquita-

2

No. 16-40497

Munoz's sentence beyond the statutory maximum term of life imprisonment. *See United States v. Hernandez*, 633 F.3d 370, 374 (5th Cir. 2011).

Given the absence of contrary evidence concerning the drug quantity, the district court was free to adopt the presentence report's estimated weight and use that weight for sentencing purposes. *See United States v. Puig–Infante*, 19 F.3d 929, 943 (5th Cir. 1994) ("Although a district court must resolve disputed issues of fact if it intends to use those facts as a basis for sentencing, *see* FED. R. CRIM. P. 32(c)(3)(D), the court can adopt facts contained in a PSR without inquiry, if those facts had an adequate evidentiary basis and the defendant does not present rebuttal evidence."). We conclude that the district court properly considered the relevant conduct and other information set forth in the presentence report. *See Hernandez*, 633 F.3d at 374.

AFFIRMED.